UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRUCI & ASSOCIATES, PS, for itself and on behalf of a class of similarly situated businesses and individuals,<br><br>Plaintiff,<br><br>v.<br><br>A10 CAPITAL LLC, et al.,<br><br>Defendants. | CASE NO. C20-864 RSM<br><br>ORDER ON PENDING MOTIONS |

## I. INTRODUCTION

This matter is before the Court on motions to dismiss filed by the defendants that have appeared in this action. Dkts. #14, #64, and #66. The case presents the Court with a novel legal claim arising out of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and the Paycheck Protection Program ("PPP") that it created. Plaintiff asserts that it acted as an agent for loan applicants seeking loans from defendant banks under the PPP and that it is therefore entitled to "agent fees" that the banks have not paid. To date, at least ten courts have dismissed claims similar to Plaintiff's after finding them insufficiently plead or lacking an adequate legal basis. Having considered the motions, the Court finds that Plaintiff's Amended Class Action Complaint is not adequately plead and dismisses the action with leave to amend.

ORDER – 1

## II.     BACKGROUND[1]

**A. Section 7(a) Loans, the Paycheck Protection Program, and Agent Fees**

Our country was caught flat-footed in responding to the emerging COVID-19 pandemic, necessitating wide-spread closure of public spaces and choking our national economy to a trickle. In an effort to shield some people from the immediate impacts of the economic upheaval, Congress passed the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, 134 Stat. 281 ("CARES Act").  Relevant here, the CARES Act created the Paycheck Protection Program ("PPP") "to provide American small businesses with eight weeks of cash-flow assistance."  Dkt. #5 at ¶ 25.  These loans were backed by the Small Business Administration ("SBA") and by $349 billion allocated by Congress.  *Id.*  Further, to assure the loans were distributed quickly, Congress temporarily added a new "loan product" to those offered by SBA and "streamlin[ed] the requirements of the regular 7(a) loan program."  Business Loan Program Temporary Changes; Paycheck Protection Program, 85 FED. REG. 20811-01, 20811–12 (April 15, 2020) (to be codified at 13 C.F.R. pt. 120) ("SBA Rule").

Under most SBA loan programs borrowers can submit loan applications to qualified lenders or to SBA directly.  13 C.F.R. § 120.190.  Borrowers can seek the assistance of "agents"[2] in preparing application materials and navigating the loan process.  *See id.* at § 103.2(a) (no agent is required to deal with SBA directly).  Where an applicant works with an agent, regulations govern the agent's compensation.  *See id.* at § 103.5.  If the borrower will compensate the agent, the regulations require a "compensation agreement" and caps allowable fees according to the

---

[1] Throughout, the Court cites to the docket and page numbers applied by the Court's CM/ECF system.  Where appropriate, the Court cites to numbered paragraphs or page and line numbers.

[2] By regulation, an "agent" is an "authorized representative, including an attorney, accountant, consultant, packager, lender service provider, or any other individual or entity representing an Applicant or Participant by conducting business with SBA."  13 C.F.R. § 103.1.

ORDER – 2

amount of the loan. *Id.* at § 103.5(a)–(b). Where an agent is compensated by the lender, they "must enter into a written agreement with each lender for whom it acts in that capacity" and "compensation may not be charged to a" borrower. *Id.* at § 103.5(c). In either situation, SBA requires submission of SBA Form 159: Fee Disclosure and Compensation Agreement. Dkt. #15-1 at 2 (Form 159 requiring that it "be completed and signed by the SBA Lender and the Applicant whenever an Agent is paid by either the Applicant or the SBA Lender in connection with the SBA loan application") (available at: www.sba.gov/document/sbaform159feedisclosure-compensationagreement).

Loans under the PPP are not entirely different as they are guaranteed by SBA "under the same terms, conditions, and processes" as other 7(a) SBA loans, unless "otherwise provided" by the CARES Act. 15 U.S.C. § 636(a)(36)(B). To disperse money more rapidly, lenders are the primary point of contact for PPP loans. In order to attract an adequate number of participating lenders, the PPP provides for guaranteed lender fees based on the amount of the loan funded:

> (i) IN GENERAL.—The Administrator shall reimburse a lender authorized to make a covered loan at a rate, based on the balance of the financing outstanding at the time of disbursement of the covered loan, of—
>
> (I) 5 percent for loans of not more than $350,000;
>
> (II) 3 percent for loans of more than $350,000 and less than $2,000,000; and
>
> (III) 1 percent for loans of not less than $2,000,000.

*Id.* at § 636(a)(36)(P). As for agents, the PPP provides that "[a]n agent that assists an eligible recipient to prepare an application for a covered loan may not collect a fee in excess of the limits established by the Administrator." Interim rules established by SBA further address agent fees:

> **c. Who pays the fee to an agent who assists a borrower?**
>
> Agent fees will be paid by the lender out of the fees the lender receives from SBA. Agents may not collect fees from the borrower or be paid out of the PPP loan proceeds. The total amount that an agent may collect from the lender for assistance

ORDER – 3

>   in preparing an application for a PPP loan (including referral to the lender) may not exceed:
>
>   i. One (1) percent for loans of not more than $350,000;
>
>   ii. 0.50 percent for loans of more than $350,000 and less than $2 million; and
>
>   iii. 0.25 percent for loans of at least $2 million.
>
>   The Act authorizes the Administrator to establish limits on agent fees. The Administrator, in consultation with the Secretary [of Treasury], determined that the agent fee limits set forth above are reasonable based upon the application requirements and the fees that lenders receive for making PPP loans.

SBA Rule, 85 FED. REG. at 20816 (bold typeface in original).  Due, again, to the necessity of dispersing money rapidly, "[t]he program requirements of the PPP identified in this rule temporarily supersede any conflicting Loan Program Requirement (as defined in [13 C.F.R. § 120.10])." *Id.* at 20812.

**B. Plaintiff's Action**

Plaintiff initiated this action against eleven defendant banks which acted as lenders[3] under the PPP for agent fees defendants allegedly owed Plaintiff.  Plaintiff did not lodge separate allegations as to each defendant.  Rather, in the parts most relevant to this motion, Plaintiff makes allegations, based on its "information and belief," against all of the defendants:

>   36. Based on information and belief, Defendants funded PPP loans for Borrowers represented by Plaintiff and the proposed Class, received their Lender Fees from the Federal Government, and failed to pay the Agent Fees earned by the Plaintiff and proposed Class out of the Lender Fees received.
>
>   37. Defendants have either failed and refused to pay, or are willing to pay only a partial percentage of, the monies owed in Agent Fees to Plaintiff and the proposed Class, thus retaining for themselves all of the statutory fees allotted

---

[3] The action was brought against A10 Capital LLC, First Interstate Bank, Keybank N.A., Mountain West Bank, Numerica Credit Union, Sound Community Bank, State Bank Northwest, U.S. Bank N.A., Washington Trust Bank, Wells Fargo Bank N.A., and Wheatland Bank, Inc. Dkt. #5 at 1.  Plaintiff has since dismissed its claims against Wheatland Bank, Inc. and A10 Capital LLC.  Dkts. #12 and #62.  Defendonts Numerica Credit Union and State Bank Northwest have not appeared in this action.

ORDER – 4

   by the Government for Agents as part of the PPP despite the work performed by the Agents in assisting the Borrowers in securing their PPP loans.

Dkt. #5 at ¶¶ 36–37.

### III.     DISCUSSION

**A. Plaintiff Does Not Adequately Establish Standing**

  **1. Legal Standard**

Pursuant to Article III of the U.S. Constitution, federal courts have limited jurisdiction to hear only live "cases" and "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992); U.S. CONST. art. III, § 2. Accordingly, "Article III standing is a necessary component of subject matter jurisdiction." *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011). To satisfy the case-or-controversy requirement, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). When a plaintiff lacks standing, dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011); *Walsh v. Microsoft Corp.*, 63 F. Supp. 3d 1312, 1317–18 (W.D. Wash. 2014).

A motion to dismiss under Rule 12(b)(1) can attack the factual allegations establishing standing or can attack plaintiff's standing facially. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* at 1121 (citing *Pride v. Correa,* 719 F.3d 1130, 1133 (9th

ORDER – 5

Cir. 2013)). At the pleading stage, a plaintiff need not satisfy *Iqbal*/*Twombly*'s plausibility standard,[4] but "must 'clearly . . . allege facts demonstrating' each element" of standing. *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 1547 (2016) (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). As such, the inquiry does not touch directly on the merits of plaintiff's case. *See Maya*, 658 F.3d at 1068 (contrasting with consideration of a Rule 12(b)(6) motion which "necessarily assesses the merits of plaintiff's case").

### 2. Plaintiff's Allegations Are Insufficient

Even under the more liberal standards of the standing inquiry, Plaintiff fails to establish standing in this matter. The Court concludes that Plaintiff has adequately alleged an injury in fact as Plaintiff has alleged that defendant banks have not paid it funds that it is entitled to. *See* Dkt. #5 at ¶ 37 (defendant banks "failed or refused to pay" and unlawfully retained agent's fees). These simple allegations are sufficient. *See Van v. LLR, Inc.*, 962 F.3d 1160 (9th Cir. 2020) ("district court erred by concluding that $3.76 is 'too little to support Article III standing'" and gathering cases finding adequate financial losses).

Plaintiff cannot, however, establish causation and redressability. Plaintiff establishes that PPP agents were to be paid, if at all, from the lender fees paid lending banks. SBA Rule, 85 FED. REG. at 20816 ("Agent fees will be paid by the lender out of the fees the lender receives from SBA."). In this regard, Plaintiff alleges that, "[b]ased on information and belief, Defendants funded PPP loans for Borrowers represented by Plaintiff . . ., received their Lender Fees from the Federal Government," and improperly retained funds owed to Plaintiff. Dkt. #5 at ¶ 36. But Plaintiff's allegations fail to establish that it represented applicants receiving PPP loans or that those applicants obtained funding from the defendant banks. As such, Plaintiff's allegations do

---

[4] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

ORDER – 6

not establish whether these defendants—or other lenders—have caused Plaintiff's alleged injuries.

Defendant banks also object that Plaintiff's allegations are based upon its "information and belief." There is nothing inherently objectionable to pleading on information and belief and doing so is often necessary "where facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that" gives rise to an inference of plausibility. *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (citing *Arista Records, LLC v. Does 3*, 604 F.3d 110, 120 (2d Cir. 2010); *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995)). But that is not the case here, as Plaintiff presumably has access to necessary facts or at least to contextual facts that could lend further support to its "information and belief" claims.[5] Yet, as two of the defendant banks note, Plaintiff has "sued eleven financial institutions to demand payment for work Plaintiff does not identify, for clients it does not name, taken out of fees Plaintiff does not allege Defendants have received, under an agreement that does not exist." Dkt. #14 at 6. The Court agrees that Plaintiff has failed to sufficiently allege that its injuries are fairly traceable to the actions of any defendant bank.

Lastly, Plaintiff's failure to adequately establish causation dooms its arguments for redressability. Even if Plaintiff proves its legal claims, it does not establish that it has brought the proper lenders before the Court such that Plaintiff's injuries can be redressed. As Plaintiff's Amended Class Action Complaint fails to allege facts giving rise to standing, it must be dismissed. *Accord Am. Video Duplicating Inc. v. Citigroup Inc.*, Case No. 2:20-cv-03815-ODW (AGRx), 2020 WL 6712232, at *3 (C.D. Cal. Nov. 16, 2020) (similarly concluding that plaintiff

---

[5] The Court also notes that Plaintiff does not argue that it lacked access to facts needed to more specifically plead its claims. Plaintiff's counsel, of course, is the one that certified to the Court that "an inquiry reasonable under the circumstances" yielded evidentiary support for the factual contentions. *See* FED. R. CIV. P. 11(b).

ORDER – 7

lacked standing where only conclusory statements linked defendants with plaintiff's alleged injuries).

**B. Plaintiff Also Fails to State a Claim Upon Which Relief Can Be Granted**

Having failed to establish standing, Plaintiffs Amended Class Action Complaint also fails under Federal Rule of Civil Procedure 12(b)(6)'s plausibility standard. Dismissal under Federal Rule of Civil Procedure 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also* FED. R. CIV. P. 8(a)(2). Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 557). Absent facial plausibility, a plaintiff's claims must be dismissed.

Plaintiff has failed to make factual allegations supporting the plausibility of its alleged claims. As noted above, Plaintiff's Amended Complaint omits, other than in conclusory fashion, allegations specific to any defendant and provides no indication of the number of clients it assisted with PPP loans, whether its clients obtained loans from defendant banks, the amount of the loans obtained, the amount of fees defendants owe it, or whether it has sought those fees from defendant banks. Plaintiff's Amended Class Action Complaint establishes the *possibility* that

ORDER – 8

defendant banks may be liable to Plaintiff, but lacks allegations establishing why defendant banks' liability is *plausible*.[6]

Having found that Plaintiff has not adequately alleged that defendant banks are responsible for its alleged harms, the Court does not consider Plaintiff's additional legal claims[7] separately. Those claims fail on account of the same inadequate pleading.

**C. Mountain West's Motion**

In addition to joining a motion to dismiss, Defendant Mountain West Bank files a separate motion seeking dismissal on the basis that Plaintiff's claims are not ripe. Dkt. #66. However, Defendant Mountain West Bank indicates that "[t]he Court need not reach this motion unless it denies the" defendants' motion to dismiss. *Id.* at 1. As the Court grants the defendants' motion to dismiss, the Court denies Defendant Mountain West Bank's motion as moot.

---

[6] Because the Court finds the allegations of Plaintiff's Amended Class Action Complaint insufficient, the Court does not reach the underlying question of whether Plaintiff's legal claim is cognizable. The Court does note, however, that the several U.S. District Courts to consider claims similar to Plaintiff's have concluded that such claims are not actionable. *See Sport & Wheat, CPA, PA v. ServisFirst Bank, Inc.*, 2020 WL 4882416 (N.D. Fla. Aug. 17, 2020) (Dkt. #57); *Johnson v. JPMorgan Chase Bank, N.A.*, 2020 WL 5608683 (S.D.N.Y. Sept. 21, 2020) (Dkt. #75); *Steven L. Steward & Associates, P.A. v. Truist Bank*, 2020 WL 5939150 (M.D. Fla. Oct. 6, 2020) (Dkt. #79); *Leigh King Norton & Underwood, LLC v. Regions Financial Corp.*, 2020 WL 6273739 (N.D. Ala. Oct. 26, 2020) (Dkt. #84); *American Video Duplicating, Inc. v. Citigroup Inc.*, 2020 WL 6712232 (C.D. Cal. Nov. 16, 2020) (Dkt. #84); *American Video Duplicating, Inc. v. City National Bank*, 2020 WL 6882735 (C.D. Cal. Nov. 20, 2020) (Dkt. #85); *Lopez v. Bank of America, N.A.*, 2020 WL 7136254 (N.D. Cal. Dec. 4, 2020) (Dkt. #86); *Radix Law PLC v. Silicon Valley Bank*, 2020 WL 7388488 (D. Ariz. Dec. 16, 2020) (Dkt. #90); *Brunner Accounting Group v. SVB Financial Group et al.*, No. 2:20-cv-04235-GW-E (N.D. Cal. Dec. 17, 2020) (Dkt. #90). *See also Juan Antonio Sanchez, PC v. Bank of S. Tex.*, 2020 WL 6060868 (S.D. Tex. Oct. 14, 2020).

[7] In all, Plaintiff states claims for declaratory relief, tortious interference with economic relations, unjust enrichment, conversion, and violation of Washington's Consumer Protection Act. Dkt. #5 at ¶¶ 59–114.

ORDER – 9

**D. Leave to Amend**

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Here, Plaintiff has amended its complaint once as a matter of right. *See* Dkts. #1 and #5. Plaintiff has requested that if the Court dismiss the action "in full or in part" that it be granted "leave to amend to file a second amended Complaint. Dkt. #46 at 29. The Court finds that Plaintiff may be able to allege additional facts, consistent with the challenged pleading, which could survive dismissal. Accordingly, the Court grants Plaintiff leave to amend.

## IV. CONCLUSION

Having reviewed defendants' motions to dismiss, the briefing of the parties, the supplemental authorities, and the remainder of the record, the Court hereby finds and ORDERS:

1. Sound Community Bank and Washington Trust Bank's Motion to Dismiss Amended Complaint for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Dkt. #14) is GRANTED.
2. Defendants' Motion to Dismiss Amended Complaint (Dkt. #64) is GRANTED.
3. Defendant Mountain West Bank's Motion to Dismiss Amended Complaint Under FRCP 12(b)(1) (Dkt. #66) is DENIED as moot.
4. Plaintiff is GRANTED leave to amend. Within thirty (30) days of the date of this order, Plaintiff may file an amended complaint curing the deficiencies identified above.

ORDER – 10

Dated this 29th day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 11